UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie Benard Frazier, #219272, | C/A No. 4:12-112-JFA-TER |
| Petitioner, | |
| vs. | |
| Warden Padula, | Report and Recommendation |
| Respondent. | |

Petitioner, proceeding *pro se,* seeks federal habeas relief under 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. As Petitioner is no longer in custody on the convictions he seeks to challenge, this Court is without subject matter jurisdiction over the petition, which is therefore subject to summary dismissal.

Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case. The review was conducted pursuant to the procedural provisions of the Rules Governing Habeas Corpus Cases Under Section 2254 and the Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see Gordon v. Leeke*, 574 F.2d 1147,

1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, however, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

Background and Discussion

Petitioner, a prisoner at Lee Correctional Institution in Bishopville, South Carolina, herein challenges a state sentence he received February 8, 1995 after pleading guilty to two counts of assault and battery with intent to kill, and which he has fully served. ECF No. 1 at 1. Petitioner was sentenced to one-to-six (1-6) years as a youthful offender. *Id.* He alleges that this 1995 sentence was illegal, and should not have exceeded one year. ECF No. 1 at 5. He claims that he is still "in custody" on this 1995 sentence for purposes of federal habeas law, because that former conviction adversely affected his current life sentence, which was handed down in state court June 28, 1998. ECF No. 1 at 5, 13.

The proper vehicle for challenging state court convictions is 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). However, the habeas corpus statute requires that a petitioner be "in custody" under the conviction or sentence under attack when the habeas petition is filed:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254 (a).

Petitioner does not specify how much of the 1995 sentence he completed, but even if he served a six-year sentence, it would have expired in 2001. Thus, Petitioner does not meet the "in custody" requirement of the habeas corpus statute. *See Maleng v. Cook*, 490 U.S. 488, 492 (1989) (holding that a habeas petitioner does not remain "'in custody' under a conviction after the sentence imposed for it has fully expired . . .").

The 'in custody' requirement is jurisdictional, and 'requir[es] that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng*, 490 U.S. at 490-91). As Petitioner is not "in custody" under § 2254, this Court lacks subject matter jurisdiction to entertain his petition. Of course, Petitioner argues he is still "in custody" on the 1995 sentence because it was used to enhance his current sentence. However, *Maleng* concerned a similar situation; the *Maleng* petitioner challenged a former sentence on the grounds that it was used to enhance a later sentence. The *Maleng* court found "that once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual "in custody" for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492.

However, it would appear that Petitioner intends to challenge not only the 1995, fully served sentence, but his current life sentence as well, on the basis of the alleged defect in the former sentence. In terms of relief, Petitioner asks that the 1995 sentence be vacated, and that he be resentenced for the 1998 conviction. ECF No. 1 at 14. The analysis here is slightly different, although habeas relief remains unavailable.

It is clear that Petitioner is in custody on the 1998 sentence, since he is still serving it. However, a habeas petitioner cannot challenge a current sentence by calling a prior sentence into

question, even though petitioner is "in custody" on that latter sentence, due to "considerations relating to the need for finality of conviction." *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 402 (2001). Limited exceptions to this rule have been recognized or discussed. See Lackawanna, 532 U.S. at 404 (where there was a failure to appoint counsel in violation of the Sixth Amendment in that former conviction); Daniels v. United States, 532 U.S. 534, 383-84, (2001) (where no channel of review was available to a defendant through no fault of his own). There are no allegations addressing any exception present in the instant case. *Lackawanna*, 532 U.S. at 404. Therefore, neither of Petitioner's convictions are subject to challenge on the basis of any imperfection in the former sentence.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the petition in the above-captioned case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Petitioner's attention is directed to the important notice on the next page**.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

March 9, 2012
Florence, South Carolina

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).