IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Willie Benard Frazier, | ) | C/A No.: 4:12-cv-112-JFA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Warden Padula, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

The *pro se* petitioner, Willie Frazier, seeks federal habeas relief under 28 U.S.C. § 2254. The Magistrate Judge assigned to this action has prepared a Report and Recommendation ("the Report") wherein he suggests that the defendant's petition be dismissed without prejudice and without service of process. Having reviewed the entire record, including Petitioner's objections, the court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the reasoning of the Magistrate Judge's Report and fully incorporates it into this order. Rather than dismissing the entire petition, the court dismisses only the challenge to the sentence that Petitioner has already served. The court does so to allow Petitioner to amend his petition with respect to the challenge to his current sentence.

I.     **Standard of Review**

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a

1

recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make written objections to a Magistrate Judge's report within fourteen days after being served a copy of the report. 28 U.S.C. § 636(b)(1). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The court remains mindful that Petitioner appears before the court *pro se*, and therefore, his pleadings are accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97 (1976). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in a pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## II.   Factual and Procedural History

Petitioner is currently incarcerated at the Lee Correctional Institution in Bishopville, South Carolina. In his Petition, he challenges a state sentence that he received on February 8, 1995 for attempted armed robbery and assault and battery with intent to kill. Petitioner was sentenced under the Youthful Offender Act ("YOA"), and in his filings in this court, Petitioner contends that the sentence is improper because the offenses that he plead guilty to did not qualify him to be sentenced under the YOA. He has fully served that 1995 sentence; however, Petitioner contends that he is still "in

custody" on the 1995 sentence for purposes of federal habeas law because his former conviction adversely affected his current life sentence, which was handed down in state court June 28, 1998.

Petitioner filed the instant Petition on January 12, 2012. (ECF No. 1). On March 9, 2012, the Magistrate Judge assigned to this case issued his Report and Recommendations recommending that this court dismiss this Petition without prejudice and without issuance of service of process. (ECF No. 11). Petitioner filed a Motion for an Extension of Time to File Objections on March 28, 2012 (ECF No. 17), and this court granted the extension. On April 4, 2012, Petitioner filed a Motion to Stay. (ECF No. 21). On April 16, 2012, Petitioner filed Objections to the Magistrate Judge's Report.

**III.    Discussion**

    **A.    Report and Recommendations**

In the Report and Recommendation, the Magistrate Judge opines that this court does not have subject matter jurisdiction over the instant case because Petitioner is not "in custody" on the 1995 sentence, which he seeks to challenge through this § 2254 petition. Federal courts are courts of limited jurisdiction and, as such, may only hear and decide cases when they have been given the authority to do so by the Constitution and by federal statute. *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The petitioner has filed his petition for writ of habeas corpus under 28 U.S.C. § 2254, which states

> A district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States.

(2006) (emphasis added). "[A] sentence that has been fully served does not satisfy the custody requirement of the habeas statute, despite the collateral consequences that generally attend a criminal conviction." *Tinder v. Paula*, 725 F.2d 801, 803 (1st Cir. 1984). As such, a person who files a habeas petition after he has fully served his sentence is not "in custody" for purposes of a federal district court's subject matter jurisdiction, and a habeas petition filed by such a person would be properly denied. *DeLong v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990). The Supreme Court of the United States has found that "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng v. Cook*, 490 U.S. 488, 492 (1989). Therefore, Petitioner cannot be considered "in custody" on his 1995 sentence.

The Magistrate Judge points out that Petitioner appears to challenge his current life sentence on the basis of the alleged defect in the 1995 sentence. While Petitioner is clearly currently "in custody" on his 1998 sentence, a habeas petitioner cannot challenge a current sentence by calling a prior sentence into question. *See Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 402 (2001). Limited exceptions to this rule have been recognized or discussed, but none of those exceptions have been alleged in this case.

4

*See Lackawanna*, 532 U.S. at 404 (where there was a failure to appoint counsel in violation of the Sixth Amendment in that former conviction); *Daniels v. United States*, 532 U.S. 374, 383–84 (2001) (where no channel of review was available to a defendant through no fault of his own). As such, Petitioner's current sentence is not subject to challenge on the basis of his prior sentence.

**B.     Specific Objections**

The petitioner has made a number of specific objections to the Magistrate Judge's Report. The court addresses each of the specific objections but finds that none of the petitioner's objections overcome the lack of subject matter jurisdiction over the challenge to the 1995 sentence or the improper challenge to the 1998 sentence based on the 1995 sentence. However, in light of the petitioner's request to amend his petition, the court will not dismiss Petitioner's challenge to his 1998 sentence and will allow Petitioner to amend the Petition as to that claim only.

As an initial matter, Petitioner challenges a number of facts and statements provided by the Magistrate Judge in his Report relating to the details of Petitioner's sentences and the basis for Petitioner's challenges to these sentences. Some of these alleged misstatements are the result of Petitioner's somewhat rambling assertions contained in his filings with this court. In this Order, the court has attempted to correct what Petitioner characterizes as misstatements made by the Magistrate Judge, but none of these corrections have any effect on the reasoning of the Magistrate Judge or his reasons for recommending that this case be dismissed.

Petitioner also takes issue with the Magistrate Judge's use of various cases in his Report and Recommendation.  First, Petitioner argues that the Magistrate Judge has misapplied *Maleng*.  This court disagrees and finds that the Magistrate Judge properly applied *Maleng* to the facts of this case.  *Maleng* makes it clear "that once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it."  490 U.S. 488, 492.  The Magistrate Judge properly found that this court lacks subject matter jurisdiction of Petitioner's challenge to his 1995 sentence based on *Maleng*.  Second, Petitioner objects to some of the cases that the Magistrate Judge listed in the Standard of Review section of the Report.  According to Petitioner, "[t]hese precedents deal with indigent defendants seeking to file 1983 claim[s] without funds to proceed on meritless claims, [but] none of these cases support the Magistrate['s] R/R that petitioner claims are without merit."  (ECF No. 25, p. 9).  The petitioner has misunderstood the Magistrate Judge's use of these cases.  They are not intended to support the position that his claims are without merit—rather, they serve to advise the petitioner of various cases that have informed the Magistrate Judge's review, specifically with regards to frivolousness and how the court construes *pro se* petitions.

Petitioner objects generally to the Magistrate Judge's conclusion that this court lacks subject matter jurisdiction, and he further notes his objection to the Report for failing to issue an order to show cause on the respondent.  Petitioner also objects to the idea expressed by the Magistrate Judge that Petitioner is unable to challenge his current sentence based on his previous sentence, and he urges this court to require the state court

to vacate his prior conviction. However, as explained above, this court finds the Magistrate Judge's reasoning in his Report to be sound. The court agrees with the Magistrate Judge that it lacks jurisdiction over Petitioner's 1995 sentence.

Finally, Petitioner objects to the Report for dismissing his petition without opportunity to amend and for failing to specify when Petitioner can refile. Because this court lacks subject matter jurisdiction over Petitioner's challenge to his 1995 sentence, this court is constrained to dismiss that claim. However, in light of this newly-raised request to amend, the court will allow Petitioner to amend his petition with respect to his challenge of his current sentence.

This court hereby adopts the Magistrate Judge's recommendation to dismiss, without prejudice, Petitioner's challenge to his 1995 conviction. However, in light of Petitioner's request to amend his Petition, this court declines to adopt the recommendation that Petitioner's challenge to his 1998 conviction be dismissed. Accordingly, Petitioner is hereby ordered to file an amended Petition within 30 days of the date of this order. This court also denies the Motion to Stay. (ECF No. 21). This case is hereby recommitted to the Magistrate Judge for further ruling on Petitioner's Amended Petition.

    IT IS SO ORDERED.

May 29, 2012  
Columbia, South Carolina

                  Joseph F. Anderson, Jr.  
                  United States District Judge