UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie Bernard Frazier, #219272, ) | Civil Action No.: 4:12-112-MGL |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| Warden Padula, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the Court upon Petitioner Willie Bernard Frazier's pro se application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254. (ECF No.1.)

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, this matter was referred to United States Magistrate Thomas E. Rogers, III for pre-trial proceedings and a Report and Recommendation ("Report"). On July 11, 2012, the Magistrate Judge issued a Report. In the Report, the Magistrate Judge noted that Petitioner has previously filed a petition for a writ of habeas corpus in this Court which the Court dismissed as untimely. (ECF No.45 at 1 *citing Frazier v. Stevens*, 4:09-302-JFA-TER). Ultimately, the Magistrate Judge recommended that the Court summarily dismiss the instant petition as untimely as a successive petition and without requiring Respondent to file a return because Petitioner has not presented an order from the Fourth Circuit Court of Appeals authorizing the consideration of a successive petition. *See, e.g.*, Rule 9 of the Section 2254 Rules. Petitioner filed objections to the Report on July 23, 2012. (ECF No. 50.)

The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within fourteen days after being served a copy of the Report. 28 U.S.C. § 636(b)(1).

From the objections, the court reviews de novo those portions of the Report that have been specifically objected to, and the court is allowed to accept, reject, or modify the Report in whole or in part. *Id.*

Having reviewed the entire record, including a review of the Petitioner's previous section 2254 petition, the Report in this case, and the Petitioner's objections, the Court agrees with the conclusions of the Magistrate Judge. Accordingly, the Court adopts and incorporates the Report by reference in this Order. Petitions's objections contain no argument to overcome the deficiencies of the petition.

This petition is dismissed without prejudice and without requiring Respondents to file a return.

**IT IS SO ORDERED.**

It is further ordered that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]

/s/ Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
December 12, 2012

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the defendant has failed to make "a substantial showing of the denial of a constitutional right."