UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Willie Bernard Frazier, #219272, | ) | Civil Action No.: 4:12-112-MGL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| Warden Padula, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court upon *pro se* Petitioner Willie Bernard Frazier's ("Petitioner's") Motion for Relief from Judgment pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure.  In the Motion, Petitioner asks the Court to enforce a  May 29, 2012  order and to "rule upon the merit of Petitioner's amended brief." (ECF No. 58 at 3).

Petitioner is a prisoner in the South Carolina Department of Corrections housed at Lee Correctional Institution in Bishopville, South Carolina who is serving a life sentence without parole after being convicted of armed robbery and burglary charges. On January 12, 2012, Petitioner filed a § 2254 Petitioner challenging  his 1995 and 1998 Convictions.  On May 29, 2012, the Court dismissed Petitioner's challenge to his 1995 conviction and allowed Petitioner to amend his Petition challenging his 1998 conviction.    Petitioner filed an amended Petition on July 11, 2012. Thereafter, on December 12, 2012, this Court dismissed Petitioner's petition as a successive petition.[1]   Petitioner filed the instant Motion for Relief from Judgment on July 22, 2013.

In his present Rule 60(b) motion, Petitioner appears to contend that the Court erroneously dismissed his § 2254 petition as a successive petition.  Specifically, Petitioner seeks relief pursuant

_____

[1]The Honorable Joseph F. Anderson had previously dismissed a § 2254 petition by Petitioner challenging his 1998  conviction as untimely.  (CA No. 4:09-302-JFA).

to Rule 60(b)(4).  "A judgment is not 'void' under Rule 60(b)(4) merely because it is erroneous. 'It is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.' " *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir.2004) ( *quoting Schwartz v. United States*, 976 F.2d 213, 217 (4th Cir.1992)).  In this matter, Petitioner fails to demonstrate that the Court lacked subject matter jurisdiction or acted in a manner inconsistent with due process. Accordingly, Petitioner's Rule 60(b)(4) motion (ECF No. 58) is DENIED.

**IT IS SO ORDERED.**

It is further ordered that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]


/s/ Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
October 9, 2013.

---

[2]A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the defendant has failed to make "a substantial showing of the denial of a constitutional right."